Filed 5/21/13  P. v. Keneally CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SCOTT BANKS KENEALLY,<br><br>        Defendant and Appellant. | A134886<br><br>(Sonoma County<br>Super. Ct. No. SCR-585133) |

**MEMORANDUM OPINION[1]**

Defendant Scott Banks Keneally and two others were charged in an information, filed November 9, 2011, with manufacturing "hash oil" (Health & Saf. Code,[2] § 11379.6, subd. (a)), cultivating or processing marijuana (§ 11358), possessing marijuana for sale (§ 11359), and transporting marijuana (§ 11360, subd. (a)).  Prior to a joint trial of defendant and Ryan Schultz, one of the codefendants, the trial court dismissed all but the manufacturing charge on motion of the prosecution.  The remaining charge was submitted for bench trial on the basis of police reports and a declaration from an expert witness retained by the defense.  The sole issue at trial was the applicability to the defendants' conduct of section 11379.6, which prohibits the processing of controlled

_____

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(3) (a "memorandum or other abbreviated form of opinion" is appropriate when an appeal "rais[es] factual issues that are determined by the substantial evidence rule").

[2] All statutory references are to the Health and Safety Code.

substances by "chemical extraction" or "chemical synthesis." The court found the statute applicable and accordingly found both defendants guilty on the manufacturing charge.

Defendant raises two issues on appeal. First, he contends the evidence was insufficient to support his conviction. Second, he joins in the argument made in the trial court and raised by Schultz in the appeal of his conviction that section 11379.6 is inapplicable to their conduct.

In a decision issued May 20, 2013, we found section 11379.6 applicable on the basis of the record in defendant and Schultz's joint trial and affirmed Schultz's conviction. (*People v. Schultz* (May 20, 2013, A134582) [nonpub. opn.].) The issue is identical here. As explained in more detail in the *Schultz* decision, we reject the argument that *People v. Bergen* (2008) 166 Cal.App.4th 161 was decided incorrectly. On the facts here, *Bergen* is controlling and requires the affirmance of defendant's conviction under section 11379.6.

We turn to defendant's sufficiency of the evidence argument.[3] The factual circumstances underlying this claim are known to the parties and are summarized in the appellant's opening brief and the respondent's brief.

"In reviewing a criminal conviction challenged as lacking evidentiary support, ' "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*People v. Streeter* (2012) 54 Cal.4th 205, 241.) To commit a violation of section 11379.6, a defendant need not actually manufacture one of the prohibited substances. "The express terms of Health and Safety Code section 11379.6 subject to liability not only one who 'manufactures' a controlled

---

[3] At trial, Keneally did not contend the evidence was insufficient to convict him, assuming the statute applied to his conduct. He therefore likely waived this argument when he and Schultz submitted the matter for trial solely on the legal issue of the applicability of section 11379.6. Because the Attorney General does not argue waiver, however, we address the insufficiency argument on its merits.

2

substance, but also one who 'compounds, converts, produces, derives, processes, or prepares' such a substance. (§ 11379.6, subd. (a).) It is evident from the Legislature's use of such all-encompassing language that it intended to criminalize all acts which are part of the manufacturing process, whether or not those acts directly result in completion of the final product." (*People v. Heath* (1998) 66 Cal.App.4th 697, 705.)

Defendant argues there was insufficient evidence to support his conviction for manufacturing hash oil because there was no "evidence of any useable quantity of marijuana," the raw material for hash oil, present when he was arrested. The sheriff's report on which the case was tried attached a fire investigation report noting that "a strange substance was boiling or bubbling in the toilet and . . . [a] strong smell [of] marijuana was noted throughout the area of the home" when firefighters responded to the house fire that resulted in defendant's arrest. "Several" witnesses saw the occupants of the house, which included defendant and at least one other person loading a vehicle with boxes prior to calling the fire department. Firefighters noticed a black SUV leaving the scene when they arrived. Although Schultz did not live in the house, he was there at the time the fire began. When sheriff's deputies later found Schultz's black SUV, it contained "large plastic storage bins" and a large plastic bag filled with 10 pounds of dried marijuana, cases of butane, and other equipment for making hash oil. Defendant later acknowledged to investigators that Schultz left the house with marijuana.

Based on this and other evidence contained in the sheriff's report, the trial court could have concluded, beyond a reasonable doubt, that the fired occurred in the course of the manufacture of hash oil by defendant and others. The court could have inferred the house contained only an incidental amount of marijuana at the time of arrest because defendant and the other occupants of the home transferred most of it to Schultz's SUV before the first responders arrived.

The judgment is affirmed.

3

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.